1 Nunez a/k/a robert Nunez Stipulation Bankruptcy Case # 15-15811/MDC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Robertin Nunez a/k/a robert Nunez, Debtor. | CHAPTER 13 |
| Specialized Loan Servicing, LLC, Movant, v. Robertin Nunez a/k/a robert Nunez, Debtor, William C. Miller, Trustee, Additional Respondent. | BANKRUPTCY CASE NUMBER 15-15811/MDC  11 U.S.C. § 362 |

### STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor's property at 3717 North 16th Street, Philadelphia, PA 19140 (the "Property"), are $4,317.84. The breakdown of the arrears is as follows:

| Post-Payments from 11/01/2019 to 02/01/2020 at $831.23 each | $3,324.92 |
|---|---|
| Suspense Balance | ($238.08) |
| Bankruptcy Fees | $1,050.00 |
| Bankruptcy Costs | $181.00 |

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor shall cure the arrearages in the following manner:

2 Nunez a/k/a robert Nunez Stipulation Bankruptcy Case # 15-15811/MDC

(a)    A lump sum payment of $2,800.00 shall be made on or before February 24, 2020;

(b)    The balance of the arrears, to-wit, $1,517.84, shall be cured by the Debtor in six (6) consecutive payments commencing on March 1, 2020. The Debtor shall pay the sum of $252.97 for five (5) consecutive months. The Debtor shall pay the sixth (6th) and final payment of $252.99 to cure the arrears on August 1, 2020; until the arrears are cured, together with the regular monthly mortgage payment.

(c)    Debtor shall resume making the regular monthly mortgage payments on March 1, 2020 in the amount of $831.23, or as same may be adjusted from time to time in accordance with Paragraph (f);

(d)    Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(e)    All payments to Movant shall include the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Specialized Loan Servicing, LLC, at P.O. Box 636007 Littleton, Colorado 80163;

(f)    All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5.    In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the

3 Nunez a/k/a robert Nunez Stipulation Bankruptcy Case # 15-15811/MDC

default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

7. After Movant sends one (1) Notice of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a second Notice of Default.

8. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

4 Nunez a/k/a robert Nunez Stipulation Bankruptcy Case # 15-15811/MDC

9. Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 2/13/2020

/s/ Michael J. Clark
Michael J. Clark, Esquire
Attorney for Movant

Dated: _____

David M. Offen, Esquire, The Curtis Center
Attorney for Debtor

Dated: 2/08/2020

William C. Miller
Trustee

**NO OBJECTION**

AND NOW, this _____ day of _____, 2020, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

_____
HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE